**THOMAS J. DALY, CA Bar No. 119684**
tdaly@lrrc.com
**G. WARREN BLEEKER, CA Bar No. 210834**
wbleeker@lrrc.com
**KATHERINE L. QUIGLEY, Bar No. 258212**
kquigley@lrrc.com
**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
**655 N. Central Avenue, Suite 2300**
**Glendale, California 91203-1445**
**Tel: (626) 795-9900 / Fax: (626) 577-8800**

Attorneys for Plaintiff and Counterdefendant,
Bragel International, Inc.

**MATTHEW L. SEROR, CA Bar No. 235043**
mseror@buchalter.com
**MICHAEL J. MUSE-FISHER, CA Bar No. 253232**
mmuse-fisher@buchalter.com
**BUCHALTER NEMER**
**1000 Wilshire Boulevard, Suite 1500**
**Los Angeles, California 90017-2457**
**Tel: (213) 891-0700 / Fax: (213) 896-0400**

**GASTON KROUB (Admitted Pro Hac Vice)**
gkroub@kskiplaw.com
**ZOE AXELROD CATES (Admitted Pro Hac Vice)**
zaxelrodcates@kskiplaw.com
**KROUB SILBERSHER & KOLMYKOV PLLC**
**305 Broadway, 7th Floor**
**New York, New York 10007**
**Tel:  (212) 323-7442**

Attorneys for Defendant and Counterclaimant,
Charlotte Russe, Inc.; and Defendant
PPI Apparel Group

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAGEL INTERNATIONAL, INC., | Case No. 2:15-cv-08364-R-(FFMx) |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| vs. | |
| CHARLOTTE RUSSE, INC., et al., | **Hon. Manuel L. Real** |
| Defendants. | **Magistrate Judge Frederick F. Mumm** |
| AND RELATED COUNTERCLAIMS | |

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

Lewis Roca
ROTHGERBER CHRISTIE

-1-

IT IS HEREBY ORDERED that the following terms and conditions shall govern the handling of discovery materials in the Litigation:

1.  Applicability of Order:

    a.  This Order will otherwise be applicable to and govern the handling of documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admissions, responses to requests for production of documents, and all other discovery obtained pursuant to the Federal Rules of Civil Procedure by or from a party or non-party in connection with the Litigation (this information hereinafter referred to as "Discovery Material").

    b.  As used herein, "Producing Party" or "Disclosing Party" shall refer to the parties to this action and any non-party that give testimony or produce documents or other information, and "Receiving Party" shall refer to the parties to this action and any non-party that receives such information.

    c.  As used herein, the term "Counsel" shall refer to outside counsel of record and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below:

        (1)  Lewis Roca Rothgerber Christie, LLP

        (2)  Buchalter Nemer PC

        (3)  Kroub, Silbersher & Kolmykov PLLC

2.  Designation of Material:  Any Producing Party may designate Discovery Material that is in its possession, custody or control to be produced to a Receiving Party as "Confidential — Subject to Protective Order" or "Confidential — Subject to Protective Order — COUNSEL'S EYES ONLY" under the terms

-2-

of this Order if the Producing Party in good faith reasonably believes that such Discovery Material contains non-public, confidential material as defined in paragraph 3 below (hereinafter, "Confidential Material").

3.      <u>Confidential Material</u>:  For purposes of this Order, Confidential Material is any material that a party believes in good faith to contain "Confidential Information."

4.      <u>Designating Confidential Material</u>:  The designation of Discovery Material as Confidential Material for Purposes of this Order shall be made in the following manner, and subject to the following provisions:

a.      Designation as "Confidential — Subject to Protective Order": Any party may designate information as "Confidential — Subject to Protective Order" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information (1) would be prejudicial to the business or operations of such party; or (2) would otherwise violate any protected privacy rights of such party.

b.      Designation as "Confidential — Subject to Protective Order — COUNSEL'S EYES ONLY":  Any party may designate information as "Confidential — Subject to Protective Order — COUNSEL'S EYE ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, or financial information, such that it should not be viewed or reviewed by anyone other than as provided in Paragraph 8.

c.      Documents:  In the case of documents or other materials (apart from depositions or other pre-trial testimony), designation

-3-

shall be made by affixing the legend "Confidential — Subject to Protective Order" or "Confidential — Subject to Protective Order — COUNSEL'S EYES ONLY" to each page containing any Confidential Material.

d.   Deposition:   In the case of depositions, designation of the portion of the transcript (including exhibits) which contains Confidential Material shall be made (i) by a statement to such effect on the record during the deposition, or (ii) by written notice served on counsel of record in this Litigation within thirty (30) days after the receipt of the draft transcript of such proceeding.   However, before such thirty (30) day period expires, all testimony, exhibits and transcripts of depositions shall be treated as Confidential Material.   All portions of deposition transcripts not designated Confidential Material as provided in this Paragraph 4(d) shall be deemed not confidential.

e.   Non-Paper Materials:   Any Confidential Material that is in a format other than paper (e.g., videotape, audio tape, computer disk, etc.) may be designated as such by labeling the outside of such non-written material designated as "Confidential — Subject to Protective Order" or Confidential — Subject to Protective Order — COUNSEL'S EYES ONLY".   If Confidential Information is contained in an electronic format without a physical container (e.g., an electronic file transmitted by email, or via an FTP site), it may be designated by written or email notice to the recipients at or before the time of production or by placing "CONFIDENTIAL," "COUNSEL'S EYES ONLY," or similar designations in the

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

Lewis Roca
ROTHGERBER CHRISTIE

electronic file names.  In the event a Receiving Party generates any hard copy transcription or printout from any such designated non-paper materials, the person who generates such hard copy transcription shall take reasonable steps to maintain the confidentiality of such materials.

5.　　<u>Inadvertent Disclosure</u>:　The inadvertent failure to designate Confidential Material as Confidential does not constitute a waiver of such claim and may be remedied by prompt supplemental written notice upon discovery of the inadvertent disclosure, with the effect that such Confidential Material will be subject to the protections of this Order.  The Receiving Party shall exercise good faith efforts to ensure that copies it makes of Confidential Material produced to it, and copies made by others who obtained such Confidential Material directly or indirectly from the Receiving Party, include the appropriate confidentiality legend, to the same extent that the Confidential Material has been marked with the appropriate confidentiality legend by the Producing Party.

6.　　<u>Notice to Non-Parties</u>:  Any Party issuing a subpoena to a non-party may enclose a copy of this Protective Order.  A non-party responding to discovery in this case may designate Confidential Material in the same manner, and with the same effect, as a party.

7.　　<u>Persons Authorized to Receive Confidential Material Designated as "Confidential — Subject to Protective Order"</u>:  Discovery Material designated "Confidential — Subject to Protective Order" may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

a.　The Court and any applicable appellate court, their personnel, and their stenographic reporters;

b.　Counsel and law firms of record in this Litigation and supporting personnel employed in the law firms of such

counsel of record (e.g., attorneys, paralegals, clerks, secretaries, contract attorneys, clerical personnel) assigned to and reasonably necessary to assist in this Litigation;

c.   Experts or consultants assisting any counsel of record in this Litigation (and their support personnel), provided such experts and consultants have signed the Agreement Concerning Information Covered by Protective Order attached hereto as Exhibit A;

d.   Executives, technical personnel, and in-house legal counsel of the Receiving Party who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions, and who are identified as such in writing to counsel for the Producing Party in advance of the disclosure and who have signed the Agreement Concerning Information Covered by Protective Order attached hereto as Exhibit A;

e.   One (1) person having authority to enter into a settlement agreement on behalf of the Receiving Party, provided the person is identified as such in writing to counsel for the Producing Party in advance of the disclosure and has signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A;

f.   Court reporters, videographers, translators, and graphics and design services retained by counsel of record in this Litigation for purposes of this Litigation, provided they have signed the Agreement Concerning Information Covered by Protective Order attached hereto as Exhibit A.   A signature by an authorized representative of company the company who

confirms that he or she has appropriately advised the relevant employees of the confidentiality obligations in this order and taken reasonable steps to comply thereto shall be sufficient;

g.   Commercial copy vendors retained by counsel of record in this action for purposes of this Litigation, provided such vendors have signed the Agreement Concerning Information Covered by Protective Order attached hereto as Exhibit A.  A signature by an authorized representative of company the company who confirms that he or she has appropriately advised the relevant employees of the confidentiality obligations in this order and taken reasonable steps to comply thereto shall be sufficient;

h.   During their depositions, witnesses in the Litigation who agree on the record to maintain the confidentiality of relevant documents or information shown to them or who have signed the Agreement Concerning Information Covered by Protective Order attached hereto as Exhibit A;

i.   Any person indicated by a document marked as Confidential Material to be an author, addressee, or copy recipient of the Confidential Material, or as to whom there has been testimony, whether at deposition or trial, or by declaration or affidavit, that the person was the author or recipient of the Confidential Material; and

j.   Any other person, only upon order of the Court or upon stipulation of the Producing Party, which may be conditioned on, without limitation, signing of the Agreement Concerning Information Covered by Protective Order attached hereto as Exhibit A.

8.   <u>Persons Authorized to Receive Confidential Material Designated as</u>

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

Lewis Roca
ROTHGERBER CHRISTIE

"Confidential — Subject to Protective Order — COUNSEL'S EYES ONLY":
Confidential Material Designated "Confidential — Subject to Protective Order —
COUNSEL'S EYES ONLY" may be disclosed, summarized, described,
characterized, or otherwise communicated or made available in whole or in part
only to the persons identified in Paragraphs 7(a), (b), (e), (f), (g), (i), and (j)
above, and to independent experts only under the conditions set forth in this
paragraph.   The party seeking to provide Confidential Material designated
"Confidential — Subject to Protective Order — COUNSEL'S EYES ONLY" to
an independent expert or consultant must first provide the producing party with
the name and curriculum vitae of the proposed independent expert or consultant,
and an executed copy of the "Agreement Concerning Information Covered by
Protective Order" (attached hereto as Exhibit A), along with identification of each
person or entity from whom the expert or consultant has received compensation
for work in his or her area of expertise or to whom the expert or consultant has
provided professional services at any time during the preceding four (4) years;
and identification (by name, case number, filing date, and location of court) of
any litigation in connection with which the expert or consultant has provided any
professional services during the preceding four (4) years.  However, if disclosure
of either the identity of the entity for which the work is being or has been
performed or the subject matter of that work, or both, is deemed proprietary, then
the fact that certain information is being withheld on the basis that it is
proprietary shall be disclosed.  The written notice required under this paragraph
need not be given to non-parties who have produced Confidential Material subject
to this Order.  Any objection by the producing party to an independent expert or
consultant receiving Confidential Material must be made in writing within ten
(10) days following receipt of the identification of the proposed expert or
consultant. Such an objection must state with particularity the grounds for the
objection and the scope of the Confidential Material that is subject to the

-8-

objection.  Confidential Material may be disclosed to an independent expert or consultant if the ten (10) day period has passed and no objection has been made. The approval of independent experts or consultant must not be unreasonably withheld, and any objection must be based on a party's good-faith belief that disclosure of its Confidential Material to the expert or consultant is likely to result in business or economic harm to that party.

9.    Use of Confidential Material:  Confidential Material shall be used solely for purposes of the Litigation, including any appeal and retrial.

10.    Agreement Must be Signed Prior to Disclosure:  Each person to whom Confidential Material may be disclosed that is also required to sign the "Agreement Concerning Information Covered by Protective Order" (attached hereto as Exhibit A) pursuant to Paragraphs 7(c)-7(g) and 6 and Paragraph 8 shall do so prior to the time such Material is disclosed to him or her.

11.    Filing of Confidential Material:  Without written permission from the Producing Party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any Confidential Material.  A Party that seeks to file under seal any Confidential Material must comply with Civil Local Rule 79-5.  Confidential Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Confidential Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Confidential Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Confidential Material under seal is denied by the Court, then the Receiving Party may file the Confidential Material in the public record unless otherwise instructed by the Court.

12.    No Prejudice:  Agreeing to be bound by this Protective Order, agreeing to and/or producing or receiving Confidential Material or otherwise

complying with the terms of this Order shall not:

      a.   Prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Material;

      b.   Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order;

      c.   Prejudice in any way the rights of a party to seek a determination by the Court whether any Confidential Material should be subject to the terms of this Order; or

      d.   Prejudice in any way the rights of a party to petition the Court for a protective order relating to any purportedly confidential information.

13.   <u>No Waiver of Privilege</u>: Disclosure (including production) of information that a Party or non-party later claims should not have been disclosed because of a privilege, including, but not limited to, the attorney-client privilege of work product doctrine ("Privileged Information"), shall not constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work-product, or other ground for withholding production as to which the Producing Party would be entitled in the litigation or any other federal or state proceeding.

14.   <u>Additional Parties or Attorneys</u>: In the event additional parties join or intervene in this action, the newly joined party shall not have access to Confidential Material until its counsel has executed and, at the request of any party, filed with the Court its agreement to be fully bound by this Order.

15.   <u>No Prejudice For Further Relief</u>: This Protective Order is without

prejudice to the right of any party to seek other or further relief from the Court.

16.   <u>Conclusion of Litigation</u>: Within ninety (90) days after receiving notice of the entry of an order, judgment or decree finally disposing of this Litigation, all persons having received Confidential Material shall either return such material and all copies thereof to counsel for the Producing Party, or destroy all such Confidential Material, and, in either case, certify that fact to counsel for the Producing Party.  Counsel of record shall make arrangements for the return of Confidential Material that counsel of record provided to any persons or entities in paragraph 7, except the Court, court personnel, and court reporters.   Outside counsel of record for the parties shall be entitled to retain court papers, depositions, trial transcripts and attorney work product, provided that such outside counsel of record shall not disclose Confidential Material to any person except pursuant to a court order or agreement with the party that produced the Confidential Material.  All material returned to the parties or their counsel by the Court shall likewise be disposed of in accordance with this paragraph.

17.   <u>Redaction Allowed</u>: Any Producing Party may redact from the documents and things it produced matter that the Producing Party claims is subject to attorney-client privilege or work product immunity.  The Producing Party shall mark each thing where matter has been redacted with a legend stating "REDACTED," as appropriate, or a comparable notice. Where a document consists of more than one page, at least each page on which information has been redacted shall be so marked. The Producing Party shall preserve an unredacted version of each such document.

18.   <u>Challenges to Confidentiality Designations</u>:

a.   The parties will use reasonable care when designating any documents, materials, items, or information as "Confidential – Subject to Protective Order" or "Confidential – Subject to Protective Order – COUNSEL'S EYES ONLY."  Nothing in

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

Lewis Roca
ROTHGERBER CHRISTIE

1  this Order shall prevent a Receiving Party from contending
2  that documents, material, or information designated as
3  "Confidential – Subject to Protective Order" or "Confidential
4  – Subject to Protective Order – COUNSEL'S EYES ONLY"
5  have been improperly designated.  A Receiving Party may at
6  any time request that the Producing Party cancel or modify the
7  confidentiality designation with respect to any such document,
8  material, item, or the information contained therein.

9  b.  A Receiving Party shall not be obligated to challenge the
10  propriety of a "Confidential – Subject to Protective Order" or
11  "Confidential – Subject to Protective Order – COUNSEL'S
12  EYES ONLY" designation at the time made, and a failure to
13  do so shall not preclude a subsequent challenge thereto. Such a
14  challenge shall be written and served on counsel for the
15  Producing Party, and shall particularly identify the documents,
16  materials, items, or information that the Receiving Party
17  contends should be differently designated. The Receiving
18  Party and Producing Party shall use their best efforts to
19  resolve promptly and informally such disputes. If agreement
20  cannot be reached, the Receiving Party may file a motion
21  requesting that the Court cancel or modify a "Confidential –
22  Subject to Protective Order" or "Confidential – Subject to
23  Protective Order – COUNSEL'S EYES ONLY" designation.
24  Any such application shall comply with Local Rule 37. Upon
25  any such application to the Court, the burden shall be on the
26  Producing Party to show that the challenged designation is
27  proper.

28  19.  Subpoena from Third Party: If any person subject to this Order who

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

Lewis Roca
ROTHGERBER CHRISTIE

has custody of any Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Confidential Materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such Confidential Materials from the subpoenaing person or entity to the fullest extent available under law.  Absent agreement of the Designating Party, the recipient of the Subpoena may not produce any Confidential Materials prior to the date specified for production on the Subpoena.

20.  <u>Legal Advice</u>: Nothing in this Order shall be interpreted to restrict an attorney permitted to receive Confidential Material from rendering legal advice to or discussing with her or his client the merits of any issue in this action as long as the specific substance or content of the Confidential Material is not revealed to a person who is not qualified to receive such information under the terms of this Order.

21.  This Order shall govern as of the filing date of this lawsuit until modified or superseded by a further Order of this Court and is without prejudice to any Party moving to amend this Order at a later time. The restrictions and mandates of this Order may be altered by written agreement of the parties or, as applicable, the parties and any non-party.

/ / /

/ / /

/ / /

/ / /

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

Lewis Roca
ROTHGERBER CHRISTIE

1    22.    This Order shall remain in full force and effect after the termination
2    of this action, or until canceled or otherwise modified by Order of this Court.

3

4    DATED:  June 20, 2016

5

6

7                                        HON. MANUEL L. REAL
                                         United States District  Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

Lewis Roca
ROTHGERBER CHRISTIE

**EXHIBIT "A"**

<u>**ACKNOWLEDGMENT OF RECEIPT OF PROTECTIVE ORDER**</u>
<u>**REGARDING CONFIDENTIAL INFORMATION AND AGREEMENT TO**</u>
<u>**BE BOUND THEREBY**</u>

I acknowledge receipt of a copy of the Protective Order, dated _____ \_\_, 20\_\_ (the "Order"), and I agree that I will be bound by its terms and provisions; and that I will not reveal the contents of any materials I obtain including titles in connection with this litigation to anyone, except the persons authorized to receive such materials pursuant to this Order. I agree that, if I receive any document marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER – COUNSEL'S EYES ONLY," or otherwise designated as confidential within the terms of the Order, I will not make any copies thereof without the written consent of the person furnishing such document to me.

I agree that I will maintain a log, by Bates number, of all documents received pursuant to this Order, and, if asked, shall produce that log to counsel for any requesting party.

I agree that, within thirty (30) days after I receive notification that this lawsuit has been concluded, I shall return to counsel for the producing party in a manner that can be tracked (such as FedEx or UPS), all copies of confidential documents that 1 have received pursuant to the terms of the Order.

I hereby consent to the personal jurisdiction of the United States District Court for the Central District of California with regard to any matter related to or arising out of the Order, and I acknowledge that I have read the Order and understand its terms. I further acknowledge that I may be subject to sanctions by the Court if I fail to comply with the terms and conditions of this Order.

SIGNED this _____ day of _____ , 20\_\_.

_____
Signature of Recipient of Documents

_____
Print Name

-15-